IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK LASLOVICH and MARGARET "PEG" LASLOVICH, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | CV 14–179–M–DWM <br><br> ORDER <br><br> FILED <br> MAY 14 2015 <br> Clerk, U.S. District Court <br> District Of Montana <br> Missoula |

This case arises from the adjustment and handling of a claim made on Plaintiffs Mark and Margaret Laslovich's ("Plaintiffs") home insurance policy following a fire. The parties dispute whether the damage to the home is repairable or whether it constitutes a total loss. Defendant State Farm Fire and Casualty Company ("State Farm") objects to Plaintiffs' expert disclosures and seeks to exclude the experts from offering testimony at trial. (Doc. 17.) State Farm also requests Plaintiffs' expert disclosure be stricken from the docket. State Farm's motion is granted in part and denied in part.

I. **The Individual Disclosures**

The parties must make their expert disclosures at the time and in the manner

1

ordered by the Court. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). If a party fails to disclose this information, the party cannot use the non-disclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The parties were reminded of this potential sanction in the Scheduling Order, which states: "An inadequate report or disclosure may result in exclusion of the expert's opinion at trial even though the expert has been deposed." (Doc. 14 at ¶ 9.)

Rule 26(a)(2) provides for two different types of expert disclosure: those retained or specifically employed to give expert testimony in a case, Fed. R. Civ. P. 26(a)(2)(B), and those who are not retained or specially employed, but who nonetheless may provide expert testimony, Fed. R. Civ. P. 26(a)(2)(C). An expert who falls into the first category is required to prepare an expert report. Fed. R. Civ. P. 26(a)(2)(B). An expert who falls into the second category, however, need only provide disclosures stating both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). The question here is whether Plaintiffs' experts are governed by Rule 26(a)(2)(B) or 26(a)(2)(C) and, depending on which rule governs, whether the

disclosures are sufficient.

### A. Charles E. Lee and Joe Novak

Plaintiffs' disclosure provides that "Mr. Lee will opine that he reviewed the initial repair estimates of [State Farm]'s 'repair experts' . . . and found their assumptions and cost of repairs for all electrical work at the Plaintiff's [sic] home woefully inadequate." (Doc. 16 at ¶ 1.) He is also expected to testify that Dayspring did not follow industry standards or consider the applicable electrical codes. (*Id.*) Similarly, Plaintiffs' disclosure states that "Mr. Novak will opine that he reviewed the initial repair estimates of [State Farm]'s 'repair experts,' . . . and found their assumptions and costs of repairs for all plumbing work at the Plaintiff's [sic] home to be inaccurate and inappropriate." (*Id.* at ¶ 2.) Mr. Novak is also to testify that Dayspring did not follow industry standards and did not consider the applicable plumbing codes. (*Id.*) It appears from the context of these disclosures that Mr. Lee and Mr. Novak have been specially retained to offer expert opinions as to electrical and plumbing estimates specifically for this litigation. Pursuant to Rule 26(a)(2)(B), expert reports are required. No such reports have been disclosed.

Accordingly, Mr. Lee and Mr. Novak's testimony may be properly excluded from trial unless Plaintiffs can show their failure to comply with Rule 26(a)(2)(B)

was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiffs have done neither. Plaintiffs merely assert that State Farm has not been prejudiced by the disclosures because State Farm can discern from the information provided what adverse opinions are being proffered. Although State Farm may be able to discern that these individuals disagree with its estimates, without the requisite report State Farm has no idea how Mr. Lee or Mr. Novak reached the conclusions that State Farm's estimates "were off by almost 50%" and "30%" respectively. (Doc. 16 at ¶¶ 1, 2.) Accordingly, Mr. Lee and Mr. Novack's opinion testimony are excluded from trial.

**B.  Cary Shulund**

Plaintiffs' disclosure provides that "Mr. Shulund will opine that he reviewed the initial repair estimates of [State Farm]'s 'repair experts' . . . and found their assumptions and cost of repairs for general construction of the Plaintiff's [sic] home to be inaccurate and inappropriate." (Doc. 16 at ¶ 3.) Unlike the disclosure for both Mr. Lee and Mr. Novak, Mr. Shulund's disclosure notes that "he reviewed Dayspring's estimates, reviewed the site within weeks of the fire, and assisted in providing the information for a bid from Tony Laslovich Construction." (*Id.*) Mr. Shulund has factual knowledge regarding the bid process similar to the way in which a treating physician may have an opinion formed during the course of

4

treatment. *Cf. Goodman*, 644 F.3d at 825. Therefore, these opinions are admissible at trial as long as the requirements of Rule 26(a)(2)(C) are met, i.e., that the disclosure identifies the subject matter of the testimony and the facts and opinions that will be offered. *See Cooke v. Town of Colo. City*, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013) ("An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." ). Because Mr. Shulund's disclosure adequately outlines the subject matter of his testimony—i.e., the Laslovich bid—and summarizes the facts and opinions related to the bid, Mr. Shulund may testify to his opinions in this area at trial.

However, like a treating physician whose opinion testimony pursuant to Rule 26(a)(2)(C) is limited to opinions formed during the course of treatment, *Goodman*, 644 F.3d at 826, Mr. Shulund's expert opinions in this case are limited to those relating to and arising from the Laslovich Construction bid. Any additional information falls outside the scope of the Rule 26(a)(2)(C) disclosure and would only be allowed at trial had an expert report been provided. Fed. R. Civ. P. 26(a)(2)(B); *see also Goodman*, 644 F.3d at 826 (holding that expert reports were required for those opinions provided by treating physicians that went

"beyond the scope of the treatment rendered"). In the absence of an expert report, the remainder of Mr. Shulund's testimony is properly excluded from trial because Plaintiffs have failed to show their lack of compliance with Rule 26(a)(2)(B) was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Accordingly, Mr. Shulund will be allowed to offer his opinions regarding the Laslovich Construction bid process at trial. Any additional opinions are excluded.

### C. Mark Edgell

Similar to Mr. Shulund, portions of Mark Edgell's expert disclosure are comparable to a treating physician for purposes of Rule 26(a)(2)(C). Mr. Edgell prepared a bid to rebuild the home following the fire, (Doc. 16 at ¶ 4), and has factual knowledge regarding this process, *cf. Goodman*, 644 F.3d at 825. Mr. Edgell's disclosure adequately discloses a bid process as the subject matter of his expected testimony and summarizes the facts and opinions as they relate to this bid process pursuant to Rule 26(a)(2)(C); those opinions may be offered at trial. Any of Mr. Edgell's additional opinions that go beyond the scope of the bid process are excluded. Fed. R. Civ. P. 26(a)(2)(B); *id.* at 37(c)(1).

### D. Rick Anderson

Plaintiffs' disclosure of Rick Anderson states:

Rick Anderson, 600 Dewey Blvd., Butte, Montana 59701. Mr.

> Anderson has agreed to address any Bad Faith claims, but given the requested bifurcation and the fact that the Parties are still in discovery, he had not been retained yet to address any bad faith issues.

(Doc. 16 at 4.) Even if Mr. Anderson could be categorized as a non-retained expert—which he does not appear to be—Plaintiffs' disclosure neither states what Mr. Anderson's opinion will be nor what facts his opinion is based on. State Farm cannot be expected to discern from this disclosure what opinion is being proffered and how to properly respond. Mr. Anderson's disclosure is insufficient under both Rule 26(a)(2)(B) and 26(a)(2)(C).

Although Plaintiffs concede that Mr. Anderson's disclosure is insufficient, Plaintiffs ask he be allowed to testify in rebuttal to State Farm's witnesses on claims' handling. An expert may only testify as a rebuttal expert if the requirements of Rule 26(a)(2)(D)(ii) are met. These requirements are (1) that the evidence is offered solely to contradict or rebut evidence on the same subject matter identified by the opposing party in its Rule 26(a)(2) disclosures and (2) that the disclosure is made within thirty (30) days of the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). State Farm's disclosure of liability experts, which may have included an expert on bad faith, occurred over thirty days ago. (Reply, Doc. 21 at 4; Sched. Order, Doc. 14 at ¶ 1.) Plaintiffs' disclosure of Mr. Anderson as a rebuttal expert at any point after those thirty days would be untimely.

Because Plaintiffs failed to comply with the Federal Rules, Mr. Anderson's opinion testimony is properly excluded from trial unless Plaintiffs can show their failure to comply with the rules is either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiffs do not argue that the failure is harmless, but insist that they were operating under the assumption that the parties were delaying litigation of the bad faith issue. Even if that is the case, a stipulation between parties absent a court order has no effect on the Scheduling Order, (Doc. 14), and, as acknowledged by Plaintiffs, this case is not bifurcated. Plaintiffs' failure to comply with Rule 26(a)(2) was not substantially justified. Accordingly, Mr. Anderson is precluded from offering expert opinions at trial.

## II. Accuracy of the Disclosure

State Farm further challenges Plaintiffs' disclosures on the grounds that they are based on inaccurate information. Such challenges are properly raised on cross-examination.

## III. Striking the Disclosure

Pursuant to Local Rule 26.2(a), "expert disclosures . . . are not routinely filed." However, it would be inappropriate to strike "Plaintiffs' Disclosure of Liability and Damages Experts" filed at Doc. 16 because it is the subject of the present motion and the only version of the disclosure in the record. *See* Fed. R.

8

Civ. P. 5(d)(1) ("[D]isclosures under Rule 26(a)(1) or (2) . . . must not be filed until they are used in the proceedings or the court orders filing . . . ."). State Farm's motion to strike is denied.

Accordingly, IT IS ORDERED that State Farm's motion (Doc. 17) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that Charles Lee, Joe Novack, and Rick Anderson are all precluded from offering their opinion testimony at trial. The opinion testimony of Cary Shulund and Mark Edgell is limited in scope to the circumstances surrounding the bid process in which they participated; other opinion testimony from these two non-retained experts is excluded. The motion is DENIED in all other respects.

Dated this 4th day of May, 2015.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

W. Wayne Harper
HARPER LAW
35 W. Granite – P.O. Box 506
Butte, Montana 59701
Telephone: (406) 782-5729
Telefax: (406) 782-5863
wayne@wharperlaw.com
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| MARK LASLOVICH and <br> MARGARET "PEG" LASLOVICH, | ) <br> ) <br> ) | CV-14-179-M-DWM |
| Plaintiffs, <br> vs. <br> STATE FARM FIRE AND <br> CASUALTY COMPANY, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | PLAINTIFF'S DISCLOSURE OF <br> LIABILITY AND DAMAGES <br> EXPERTS |

    Plaintiffs, pursuant to the Joint Discovery Plan filed with the Court hereby set forth their Liability and Damages Experts. The Experts are below listed:nd the

1. <u>Charles E. Lee</u>, 2100 Argyle Street, Butte, Montana 59701. Mr. Lee will opine that he reviewed the initial repair estimates of Defendant's "repair experts", Dayspring Restoration, DKI (hereinafter Dayspring), and found their assumptions and cost of repairs for all electrical work at the Plaintiff's home woefully inadequate. He will testify that Dayspring did not follow any industry standard to which he is aware of and did not even make assumptions and/or costs that would entail coverage of the current electrical codes applicable in the State of Montana. Mr. Lee will testify that he reviewed Dayspring's estimates and provided the information upon which the correct costs and assumptions should be based and that Dayspring's estimates for electrical repairs were off by almost 50%.

Mr. Lee will testify that Dayspring did not even include the currently required breakers for replacement after a fire or the propriety or impropriety of junction boxes in the rebuild process.

Mr. Lee considered all applicable electrical codes for residential buildings in Montana. He also reviewed the entire estimate prepared by Dayspring immediately after the fire.

Mr. Lee did not provide any exhibits to support his opinions, as none were needed to come to a correct estimate for repairs.

Mr. Lee has had a Master's Electrician License since the mid-1980's, ran his own business, Lee Electric, LLC, for over 17 years, and is currently an electrician for Butte Silver Bow. He has not worked in any non-electrician field of work since 1980.

Mr. Lee has not testified as an expert in any previous cases, but has been listed as such in a few.

2. Joe Novak, 28 East Galena Street, Butte, Montana 59701. Mr. Novak will opine that he reviewed the initial repair estimates of Defendant's "repair experts", Dayspring Restoration, DKI (hereinafter Dayspring), and found their assumptions and cost of repairs for all plumbing work at the Plaintiff's home to be inaccurate and inappropriate. He will testify that Dayspring did not follow any industry standard to which he is aware of and did not even make assumptions and/or costs that would entail coverage of the current plumbing codes applicable in the State of Montana. Mr. Novak will testify that he reviewed Dayspring's estimates and provided the information upon which the correct costs and assumptions should be based and that Dayspring's estimates for plumbing repairs were incorrect by almost 30%. Mr. Novak will testify that Dayspring did not even include the replacement of PVC vent tubes which are required to be fully replaced after a fire to meet code.

Mr. Novak considered all applicable plumbing codes for residential buildings in Montana. He also reviewed the entire estimate prepared by Dayspring immediately after the fire.

Mr. Novak did not provide any exhibits to support his opinions, as none were needed to come to a correct estimate for repairs.

Mr. Novak has had a Master's Plumbing License since the late 1970's. He is a principle in Brown Plumbing in Butte, Montana and currently runs the business. He has not worked in any non-plumbing field of work since 1977.

Mr. Novak has not testified as an expert in any previous cases.

3. Cary Shulund, 2317 Dearborn Avenue, Missoula, Montana 59801. Mr. Shulund will opine that he reviewed the initial repair estimates of Defendant's

"repair experts", Dayspring Restoration, DKI (hereinafter Dayspring), and found their assumptions and cost of repairs for general construction of the Plaintiff's home to be inaccurate and inappropriate. He will testify that Dayspring did not follow any industry standard to which he is aware of and did not even make assumptions and/or costs that would entail coverage of the current construction codes applicable in the State of Montana. Mr. Shulund will testify that he reviewed Dayspring's estimates, reviewed the site within weeks of the fire, and assisted in providing the information for a bid from Tony Laslovich Construction. Mr. Shulund looked at the damage to the floor boards and basement, and he will testify that the subfloor and basement were unsalvageable.

Mr. Shulund will testify that Dayspring's construction estimates were based upon detailed room by room figures and were not within the norm of a bid per square foot for construction and remodeling.

Mr. Shulund considered all applicable construction codes and necessary permits for residential buildings in Montana.

Mr. Shulund supports the Tony Laslovich Construction bid to rebuild the Plaintiff's home. The Exhibit evidencing the bid has already been provided to Defendant.

Mr. Shulund has worked as a carpenter and estimator for 28 years. He was an employee of Tony Laslovich Construction when he assisted with the bid proposal on rebuilding Plaintiff's home at the site of the fire. When Tony Laslovich passed, Mr. Shulund reviewed the construction bid and believes it is still valid and appropriate for a rebuild of Plaintiff's residence.

Mr. Shulund has not testified as an expert in any previous cases.

4. <u>Mark Edgell</u>, 316 Expressway, Missoula, Montana 59808. Mr. Edgell will opine that he walked Plaintiff's property and prepared a bid to rebuild their home per the previous blue prints. He will testify that he followed the industry standard for construction of residential properties in Missoula, Montana and his bid entailed c overage of the current construction codes applicable in the State of Montana. Mr. Edgell looked at the damage to the floor boards and basement, and he will testify that the subfloor and basement were unsalvageable.

Mr. Edgell's will testify that his firm's construction estimates are based upon a common square footage bid, not a detailed room by room estimate that is not followed in the general construction field.

Mr. Edgell considered all applicable construction codes and necessary permits for residential buildings in Montana.

The Exhibit evidencing Mr. Edgell's bid has already been provided to Defendant.

Mr. Edgell is a principle in Edgell Building, Inc., which has been a premier home builder in Western Montana since 1979.

5. <u>Rick Anderson</u>, 600 Dewey Blvd, Butte, Montana 59701. Mr. Anderson has agreed to address any Bad Faith claims, but given the requested bifurcation and the fact that the Parties are still in discovery, he has not been retained yet to address any bad faith issues.

DATED this 31st day of March 2015.

/s/ W. Wayne Harper

W. Wayne Harper
Attorney for Plaintiff
PO Box 506
Butte, MT 59703

## CERTIFICATE OF SERVICE

I certify that, on the 31st day of March 2015, a copy of the foregoing document was served on the following persons by the following means:

__x__ CM/ECF
____ Hand Delivery
__x__ U.S. Mail, postage prepaid
____ Overnight Delivery Service
____ Facsimile
____ E-Mail

    1.    Bradley J. Luck/Randall J. Colbert
          GARLINGTON, LOHN & ROBINSON, PLLP
          P. O. Box 7909
          Missoula, MT 59807-7909

/s/ W. Wayne Harper